[See Case No. 9,137.]

---

## Case No. 4,703.

### FAWCETT v. The NATCHEZ.

[3 Woods, 16.][1]

Circuit Court, D. Louisiana. Nov. Term, 1876.

---

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

B. Egan, for libelant.
C. B. Singleton and R. H. Browne, for claimants.

WOODS, Circuit Judge. The evidence satisfies me that if due and usual diligence had been used in mooring the barge and bracing her from the bank, the accident which caused the loss of the barge could not have happened. It appears to be necessary, in order to keep barges moored at the bank from being violently driven on shore by the swell of passing boats, to brace them off from the bank with spars, and it is the invariable custom to do this.

It appears from the evidence of Charles Walker, one of libelant's witnesses, that before the Natchez passed up the river the coal-barge had, at the time of the passage of a small stern-wheel steamer, the Lessie Taylor, tripped one of her spars. and while the spar was in that condition the Natchez passed. The effect of the passing of the Natchez was to make a swell and swing the barge against the bank. This evidence is corroborated by the testimony of Charles Walker, also a witness for libelant.

Small stern-wheel steamers like the Taylor do not make sufficient commotion in the water to disturb the coal barges, if they are properly moored and braced. The bracing of the barge must have been defective or the spar would not have tripped and become useless by reason of the passing of the Taylor. Had the barge been skillfully and properly braced, her spars could not have been displaced, and the damage that was caused by the passing of the Natchez could not have occurred.

The Mississippi river is a public highway, open and free for the passage of all classes and sizes of water-craft. They have the right to follow the usual channels, and it is incumbent on those who have rafts, barges or other water-craft moored to the banks to foresee and provide against accidents liable to result from the swell of passing steamers. Williams v. Wilcox, 8 Adol. & E. 314; Morrison v. Thurman, 17 B. Mon. 249; Sherlock v. Bainbridge, 41 Ind. 35. The Natchez was in the usual channel for ascending steamers. The proximate cause of the injury and damage was the carelessness and unskillfulness of those in charge of the mooring and bracing of the barge. The steamer was where she had the right to be. She did not transcend her own rights or invade those of others, and she cannot be held responsible for the injury. Libel dismissed.